# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROMAN R. WILLIAMS,

       Plaintiff,

    v.                             Case No. 26-CV-522

CITY OF WEST ALLIS,
KYLE A. BROCKMAN, and
WEST ALLIS POLICE DEPARTMENT,

       Defendants.

---

## SCREENING ORDER AND REPORT AND RECOMMENDATION

---

Plaintiff Roman R. Williams, an inmate confined at the Milwaukee Secure Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves Williams's motion for leave to proceed without prepaying the filing fee and screens his complaint.

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The clerk of court shall therefore randomly assign this matter to a district judge for consideration of the recommendations outlined below.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Williams was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 31, 2026, the court ordered Williams to pay an initial partial filing fee of $69.99. (ECF No. 5.) Williams paid that fee on April 30, 2026. The court will grant Williams's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Williams's Allegations*

On August 5, 2026, West Allis police officers executed a search warrant at a residence in Milwaukee. (ECF No. 1 at 2.) Williams was located in the basement at

3

the time officers entered. (*Id.*) The officers ordered Williams to slowly walk up the stairs with his hands raised. (*Id.*) Williams complied with the instructions and the officers told him to kneel on the ground once he exited the residence. (*Id.* at 3.) Williams again complied and was on his knees when officers placed him in handcuffs. (*Id.*) Defendant Brockman forcefully grabbed Williams's head and slammed it into a concrete surface while he was still restrained. (*Id.*) Williams's head began bleeding from the injury. (*Id.*) Williams was not resisting arrest and did not pose a threat to the officers at any time. (*Id.*)

Williams was transported to the hospital for medical treatment. (*Id.*) Williams suffered permanent scarring on his forehead as a result of this incident. (*Id.* at 4.) Williams alleges that the City of West Allis is liable for the actions of its officers and for failing to train, supervise, and discipline officers regarding their use of force. (*Id.* at 5.)

*Analysis*

The court finds that Williams sufficiently states a Fourth Amendment excessive force claim against Brockman. "[A]ll claims that law enforcement officers have used excessive force . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Whether a police officer used excessive force is analyzed from the perspective of a reasonable officer under the circumstances, rather than examining the officer's actions in hindsight." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015).

Here, Williams claims that Brockman slammed his head into concrete while Williams was restrained and not resisting arrest. At the pleading stage, the court will therefore recommend that Williams may proceed on a Fourth Amendment excessive force claim against Brockman.

The court does not find that Williams states a claim against either the West Allis Police Department or the City of West Allis. A police department is not a "person" capable of being sued under Section 1983. *See Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009) ("[A] police department is not a suable entity under [Section] 1983.") The court will therefore recommend dismissing all claims against the West Allis Police Department. Williams's claims against the City of West Allis should also be dismissed. To state a municipal liability claim under Section 1983, a plaintiff must allege that he suffered a constitutional injury and that the municipality authorized or maintained a custom of approving the unconstitutional conduct. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014). Mere legal conclusions that the municipality is liable are not enough; the complaint must include facts supporting those conclusions. *Iqbal*, 556 U.S. at 678. Here, Williams does not explicitly discuss *Monell* and does not allege facts to suggest that the City of West Allis approved or maintained a policy of unconstitutional conduct. The Court will therefore recommend dismissing the City of West Allis as a defendant.

5

<h1 style="text-align:center">CONCLUSION</h1>

**THEREFORE, IT IS ORDERED** that Williams be allowed to proceed on a Fourth Amendment excessive force claim against Brockman.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1), this report and recommendation, and the adoption order upon Defendant Brockman pursuant to Federal Rule of Civil Procedure 4. Williams is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give [P's last name] information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Brockman file a responsive pleading.

**IT IS FURTHER ORDERED** that Williams's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Williams shall collect from his institution trust account the $280.01 balance of the filing fee by collecting monthly payments from Williams's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account

6

exceeds \$10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Williams is transferred to another institution, the transferring institution shall forward a copy of this Order along with Williams's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Williams is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk of Court
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

7

**IT IS FURTHER ORDERED THAT** this case be referred to a district judge to consider this court's recommendation that the West Allis Police Department and the City of West Allis be **DISMISSED** for the failure to state a claim against them.

Williams is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Williams is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Williams's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Williams may find useful in prosecuting his case.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated in Milwaukee, Wisconsin this 11th day of June, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge

8